IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Nitetek Licensing LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**Hillstone Networks Corp.,**<br><br>    Defendant. | Case No.<br><br>Patent Case<br><br>Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Nitetek Licensing LLC ("Plaintiff"), through its attorneys, complains of Hillstone Networks Corp. ("Defendant"), and alleges the following:

### PARTIES

1. Plaintiff Nitetek Licensing LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 6001 W Parmer Ln., Ste 370, 1070 Austin, TX 78727-3908.

2. Defendant Hillstone Networks Corp. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 5201 Great America Pkwy, Suite 420, Santa Clara CA, 95054.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District and is incorporated in this District's state.

## PATENT-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent No. 6,661,783 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## THE '783 PATENT

8. The '783 Patent is entitled "CDMA transmission apparatus," and issued 12/09/2003. The application leading to the '783 Patent was filed on 03/09/1999. A true and correct copy of the '783 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '783 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '783 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

11. **Direct Infringement**. Defendant has directly infringed one or more claims of the '783 Patent in at least this District by having made, used, offered to sell, sold and/or

imported, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '783 Patent also identified in the charts incorporated into this Count below (the "Exemplary '783 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '783 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '783 Patent Claims, by having its employees internally test and use these Exemplary Products.

13. Exhibit 2 includes charts comparing the Exemplary '783 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '783 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '783 Patent Claims.

14. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

15. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## JURY DEMAND

16. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '783 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly one or more claims of the '783 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '783 Patent.

E. And, if necessary, to adequately compensate Plaintiff for Defendants infringement, an accounting:

   i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

   ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: May 28, 2021

Respectfully submitted,

**GAWTHROP GREENWOOD, PC**

/s/ David W. deBruin
David W. deBruin (#4846)
3711 Kennett Pike, Suite 100
Wilmington, DE 19807
302-777-5353
ddebruin@gawthrop.com

**Counsel for Plaintiff
Nitetek Licensing LLC**